Hon. Timothy W. Dore
Trial Date: June 25, 2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| ISMAEL APPADOLO ) | Case No. 11-17113 |
| Debtor. ) | |
| ) | |
| Seattle Housing Authority, ) | |
| Plaintiff, ) | Adv. # 11-01780-TWD |
| ) | |
| v. ) | DEFENDANT'S TRIAL BRIEF |
| ) | |
| Ismael Appadolo, ) | |
| Defendant. ) | |

## 1. Statement of Facts

Ismael Appadolo, his wife and daughter are natives of Vietnam and now US citizens. Because his wife is in very poor health and his daughter is a student, the support of the family falls to Mr. Appadolo. The most reliable work he can get is janitorial and maintenance. His permanent employment at Fairwinds/Ballettini commenced in 2007; he works 22 hours per week plus 8 hours on Sundays (though not steadily) at $11.44/hour – for about $1500/month. He takes on extra work wherever he can find it and supplements with unemployment benefits when he cannot. Because of this extremely low income, the family is eligible for subsidized housing and they moved into Yesler Terrace run by the Seattle Housing Authority (SHA) in approximately 2003 where Mr. Appadolo and his family have been orderly, quiet tenants ever since.

Defendant's Trial Brief, p. 1

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517

Rent is calculated according the family earnings with a minimum of $50/month all the way up to market rate. The rate is set at a review once a year based on a submission by the family disclosing all the income they are receiving as well as the balances in their bank accounts and any other assets they may own. If, during the year, the family income changes – either by an increase or a decrease – the family has an obligation to report the change to SHA who adjusts the rent accordingly.

In late 2008, Mr. Appadolo got a temporary job with King County as a custodian at night to supplement his day job. He was to work between 30 and 40 hours a week at $14.5410/hour. It was only a temporary position. He did not receive benefits and was subject to lay-off at any time. Evidence will show that he reported this temporary job to SHA and brought them a paystub showing earnings on a biweekly basis of about $1276.10 (gross) to supplement the 30 hours per week he was earning at Fairwinds at his permanent job. Defense Exhibit 1  As he will testify, SHA told him that he didn't need to report temporary employment but that if the job should become permanent, he should let report it immediately.   As a result no adjustment was made in the rent.

Based on that information, when he filled out his income statement for his annual review, he reported only the Fairwinds job. When he was laid off effective April 30, 2009, he reported the layoff and was told that, since there had been no upward adjustment because of the temporary nature of the job, there would be no downward adjustment when it ended. He received a final small check at the County's first regular payday in May (for what was owed to the end of April) and then did not work for the County in May, and just a few hours in June. The family scraped by with money from his regular job and help from friends. In July 2009, King County had more work for him but again it

Defendant's Trial Brief, p. 2

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517

was only temporary. Based on what he had been told by SHA about temporary jobs, he didn't report the income. He was laid off effective December 31, 2009. In 2010 he only worked a few hours.

During the period between late 2010 and 2011, he also received supplements from unemployment for times when his work hours were low. He believed that unemployment was not income but a government benefit – similar to medical coupons and subsidized rent so he did not report it.[1]

In 2011, SHA decided that despite the fact that the King County job was temporary, the wages he earned in late 2008 and 2009 should have been included in his rent assessment. It also assessed him for additional rent based on his failure to report unemployment. It demanded that he repay $17,981 or be evicted. He appealed the finding but sent the letter to the wrong persons so the appeal was denied. He then went to Northwest Justice Project for help. They were unable to persuade SHA to drop the claim based on his King County earnings despite the fact that it was based on SHA instructions nor would SHA make an affordable payment plan for the rent based on unreported unemployment. When SHA served Mr. Appadolo with a 10 day eviction notice, he filed this bankruptcy.

## II. LEGAL ISSUES

1.  Did Defendant's reliance on SHA's instructions regarding temporary employment amount to fraud under 11 USC Sec. 523(a)(2)(A)?

---

[1] In its complaint, SHA references failure to report unemployment for 2010 and 2011. When Defendant received SHA's proposed trial exhibits, he saw that SHA is attempting to prove unclaimed unemployment as far back as 2006. These documents should be excluded as irrelevant as they were not pleaded in the original complaint, nor has the complaint been amended. In any case, Defendant argues that failure to report unemployment was based on a misunderstanding and not on any intention to defraud.

Defendant's Trial Brief, p. 3

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517

2. Did Defendant's mistaken belief about the nature of unemployment as a benefit rather than income amount to an intentional act to deprive SHA of rental income?

### III. DEFENDANT WAS ENTITLED TO RELY ON SHA INSTRUCTIONS REGARDING TEMPORARY EMPLOYMENT WHEN REPORTING INCOME

The language in the Ten Day Notice to Comply or Vacate (Defense Exhibit 2) is telling:

> Notes in the file indicate that when you were asked about the employment [with King County] you advised that it was temporary and that it was ending. You provided verification from King County that the employment would end on April 30, 2009. Your employment did not end on April 30, 2009 . . . .

This language is evidence of two critical points. First, Mr. Appadolo did indeed advise SHA of his temporary job. Second, SHA made its own critical mistakes evaluating his pay history. As Plaintiff's Exhibit 8 shows, King County pays semimonthly with paydays on the 15th and the last day of the month.

The payday on the 15th covers time worked between the 16th and the end of the previous month. The payday on the last day of the month covers time worked in the first two weeks of that month. Consequently, Mr. Appadolo received a paycheck on April 30th for 72 hours worked between April 1st and April 15th. He received a paycheck on May 15th for the 28 hours worked between April 16th and April 30th. He received no paychecks for hours worked in May because he had been laid off in the latter half of April. He did not receive another paycheck until July 15th when he was hired back – again on a temporary basis – for 55 hours in the second half of June. He was then laid off at the end of December and got his last paycheck for that year on January 15, 2010, for eight hours worked in the second half of December. He did not work at all in the month of January 2010, much reduced hours in the first half of February 2010, and then nothing. It is

Defendant's Trial Brief, p. 4

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517

significant that he received none of the benefits and none of the normal deductions on paychecks for permanent King County employees: no health insurance; no vacation pay; no participation in any pension or retirement programs.

Both in what it told Mr. Appadolo when he first reported the job in 2008 and in the language of the eviction notice, SHA made plain that it draws a distinction between temporary and permanent employment. Permanent employment must be reported. Temporary employment is not reported – an instruction explicitly given to Mr. Appadolo. It appears from the eviction notice that in reality SHA believes that temporary employment can become permanent employment based on a vague, undefined standard that if a tenant works long enough or makes a certain amount of money, "temporary" morphs into "permanent" as if by magic. SHA provides no written policy or instruction or other reference so that a tenant can know when this imaginary line is crossed – nor does it provide any such evidence to the court.

Given the confusing nature of its shifting position on what employment should be reported, it is hardly surprising that Mr. Appadolo would also not consider unemployment as income. It is a benefit from the government that he receives even when he is working provided he is not working enough hours. He certainly was not required to report his rent subsidy as income. He was instructed that a temporary job need not be reported. Since he lacks a sophisticated understanding of the niceties of income taxes and government grants, it would only seem logical to him that unemployment is the same as subsidized rent. You get it because you don't make a certain amount of money.

Defendant's Trial Brief, p. 5

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517

### IV. SHA CANNOT DEMONSTRATE THAT MR. APPADOLO'S RELIANCE ON THEIR INSTRUCTIONS RISES TO THE LEVEL OF FRAUD

SHA has objected to discharge based on 11 USC Sec. 523(a)(2)(A). As the plaintiff, it carries the burden of proof. *Garner v. Garner, 298 U.S. 279,* 111 S. Ct. 654, 112 L.Ed. 2d 755 (1991). Exceptions to discharge are to be construed strictly against the objecting creditor and liberally in favor of the debtor. *In re Linn,* 38 B.R. 762 (Bankr. 9th Cir. 1984); *In re Riso,* 978 F.2d 1151(9th Cir. 1992); *In re Klapp*, 706 F.2d 998, 999 (9th Cir.1983). To prove fraud under Section 523(a)(2)(A), SHA must prove the following elements:

(1) a representation of fact by the debtor;

(2) that was material;

(3) that the debtor knew at the time to be false;

(4) that the debtor made with the intention of deceiving the creditor;

(5) upon which the creditor relied;

(6) that the creditor's reliance was justifiable; and

(7) that damage proximately resulted from the misrepresentation.

*In re Siriani,* 967 F.2d 302 (9th Cir. 1992).

SHA complains of two acts by Mr. Appadolo: failure to disclose his employment with King County and failure to report his unemployment benefit. With regard to the temporary employment with King County, evidence drawn from SHA's own files shows that the employment was disclosed and that Mr. Appadolo was instructed that he did not need to report a temporary job. SHA offers no proof that Mr. Appadolo ever had any status with King County that was other than as a temporary

Defendant's Trial Brief, p. 6

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517

employee. SHA cannot now complain that Mr. Appadolo committed fraud by following its instructions to him. Whether or not its instruction was correct is irrelevant. The defendant made no false statements; he made no deliberate omissions of fact. Indeed he made full disclosure of the facts to SHA and acted according to its instructions.

It is true that the failure to report unemployment benefits would result in an underpayment of rent by Mr. Appadolo. Nevertheless SHA cannot demonstrate that the failure was made with the intent to deceive SHA. As he will testify, Mr. Appadolo simply did not understand unemployment benefits to be income in the same way that subsidized rent is not income and temporary jobs don't have to be reported. There is no definition of the term income in the lease or in any of the declarations he was required to file. The lease simply says "income:"

> (2) Resident shall complete a Personal Declaration, or other form designated by SHA, describing Resident's household composition, assets, and the amount and source of all household income. Resident shall submit such other reports as may be required by SHA.

SHA may be able to prove that Mr. Appadolo was mistaken in his belief, but it cannot demonstrate that he was intentionally making deceitful statements that he knew to be false.

## V. CONCLUSION

SHA cannot prove fraud under 11 USC Sec. 523(a)(2)(A) even by a mere preponderance of the evidence. Indeed with regard to the alleged rent owed because of the King County temporary job, SHA cannot even prove that Mr. Appadolo owes money under any circumstances. He informed SHA of his temporary position and was told he didn't have to report temporary jobs and instructed to report if the job became permanent. It never became permanent.

While it is probably true that Mr. Appadolo incurred a debt for underpayment of rent due to failure to report unemployment, such a debt is no different from any other debt in a bankruptcy.

Defendant's Trial Brief, p. 7

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517

He owes the money. He seeks a discharge. That discharge can only be denied if the creditor proves that he intentionally set out to deceive in order to get a benefit to which he was otherwise not entitled. SHA can only show that Mr. Appadolo did not understand their definition of income. Misunderstanding is not fraud. SHA's complaint should be denied and Mr. Appadolo should be discharged.

Dated this 19th day of June, 2012.

Respectfully submitted,

/s/ Ruth A. Nelson
Ruth A. Nelson, WSBA #12771
Attorney for Debtor

Defendant's Trial Brief, p. 8

**Ruth A. Nelson**
Attorney (WSBA #12771)
7742 14th Ave NW
Seattle WA 98117
(206) 633-2517